On Application for Rehearing

ADAMS, Justice.
Central Bank of the South has requested this court to reconsider and amend the decision in this ease to the extent that it: (1) holds that Central Bank’s warranty prevented the accrual of interest on its promissory note and mortgage from the trust during the pendency of the Pardue action; and (2) holds that the trial court committed “no reversible error” in ordering the application of a partial payment first to principal and then to interest.
Additionally, Central Bank of Birmingham and Mrs. Ruth Binford, as trustees of the Ames Trust, have filed a motion for clarification. They seek clarification of the following language in the opinion:
Insofar as we hold that no interest accrued on the trust's obligation to Central Bank during the pendency of the Pardues’ suit, we think the trial court’s order that the proceeds from the sale of a portion of the land be used to retire the principal indebtedness of the trust and *1219 also interest agreed to have accrued thereon should be left intact. The proceeds of the sale were not exhausted by the payment of the principal indebtedness and the interest agreed to have accrued thereon. The remaining proceeds were placed in escrow pending a determination of the trust’s and the Ameses’ liability for interest during the Pardue litigation. Therefore, we think the trial court’s failure to observe the requirement of Code 1975, § 8-8-11, namely, that “[w]hen partial payments are made, the interest due is first to be paid and the balance applied to the payment of the principal” [emphasis added], resulted in no reversible error.
The trustees claim that the foregoing language is ambiguous to the extent that it may be read to ratify or leave intact a net overpayment of $16,815.36 in interest not actually due by the Ames trust to Central Bank. In response to the motion, we hold that any funds in escrow that represent interest which accrued during the pendency of the Pardue litigation are due to be refunded, without interest, to the Ames Trust. We are of the opinion that the tenor of our previous decision would be inconsistent with any other holding.
John B. Ames and Mae H. Ames have also filed a motion for clarification. They request that we make it clear that not only is the trust not obligated for interest during the litigation, but that they, as guarantors of the obligation of the Ames trust, are likewise relieved of liability in this regard. In addition to being relieved of their liability as guarantors of the trust during the pendency of the Pardue litigation, we believe equity demands that the Ameses also be relieved of interest liability to the trust during the same period. Interest once again began to accrue when the court validated the foreclosure sale on October 25, 1980.
Because there is a factual dispute between Central Bank of Birmingham and Mrs. Ruth Binford, as trustees of the Ames Trust, and Central Bank of the South, the question as to the amount due to be refunded is remanded to the trial court for a factual determination consistent with our holding hereinabove stated.
We have considered arguments of Central Bank of the South in support of its application for rehearing and are of the opinion that the application is due to be overruled.
APPLICATION FOR REHEARING OVERRULED. REMANDED FOR FACTUAL DETERMINATIONS CONCERNING THE AMOUNT OP INTEREST DUE TO BE REFUNDED PURSUANT TO THE PREVIOUS ORDER REMANDING THIS CAUSE.
TORBERT, C.J., and JONES, ALMON and EMBRY, JJ., concur.